IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:13-cv-02346-CMA-BNB

| | |
|---|---|
| JONATHAN ROSARIO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 1:13-cv-02346-CMA-BNB |
| ) | |
| GENERAL INFORMATION SERVICES, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ~~[PROPOSED] DISCOVERY CONFIDENTIALITY ORDER~~

## PROTECTIVE ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure

of confidential information and all parties consenting to the entry of this Order,

IT IS ORDERED ~~as follows~~:

1.      Any party to this litigation and any third-party shall have the right to designate as

"Confidential" and subject to this Order any information, document (which includes

electronically-stored and computer-generated records), or thing, or portion of any document or

thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales

or other confidential business information, or (b) that contains private or confidential personal

information, or ~~(c) that contains information received in confidence from third parties, or~~ (d)

which the producing party otherwise believes in good faith to be entitled to protection under Rule

26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or any third party

covered by this Order, who produces or discloses any Confidential material, including without

limitation any information, document, thing, interrogatory answer, admission, pleading, or

testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or

"CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter

"Confidential").

2.      Any Confidential material produced in a non-paper media (e.g., videotape,

audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-

paper media as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY

CONFIDENTIALITY ORDER" and any Attorneys' Eyes Only material produced in a non-paper

media may be designated as such by labeling the outside of such non-paper media as

"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO

DISCOVERY CONFIDENTIALITY ORDER."  In the event a receiving party generates any

electronic copy, hard copy, transcription, or printout from any such designated non-paper media,

such party must treat each copy, transcription, or printout as designated and label it in a manner to

ensure proper treatment.

3.      All Confidential material shall be used by the receiving party solely for purposes

of the prosecution or defense of this action, shall not be used by the receiving party for any

business, commercial, competitive, personal or other purpose, and shall not be disclosed by the

receiving party to anyone other than those set forth in Paragraphs 5 and 6, unless and until the

restrictions herein are removed either by written agreement of counsel for the parties, or by Order

of the Court.  Confidential material and the contents of Confidential material may be disclosed

only to the following individuals under the following conditions:

(a)     Outside counsel (herein defined as any attorney at the parties' outside law
        firms) and relevant in-house counsel for the parties;

(b)     Outside experts or consultants retained by outside counsel for purposes of

this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(g)     The parties.  In the case of parties that are corporations or other business entities, the term "party" shall mean employees who are required to participate in decisions with reference to this lawsuit; and

(h)     Other persons who the producing party specifically allows in writing.

4.      Each person who signs the Agreement To Be Bound By Discovery Confidentiality Order shall subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.  The recipient of any Confidential or Attorneys' Eyes Only material that is produced under this Order shall maintain such material in a secure and safe area, and shall exercise due and proper care with respect to its storage, custody, use and/or dissemination.

5.      Confidential material shall be used only by individuals permitted access to it under Paragraphs 4.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality consents to the disclosure or waives the claim of confidentiality, or

(b) the Court orders such disclosure.

6.      With respect to any depositions that involve a disclosure of Confidential material

of a party to this action or a third party, such party shall have until thirty 14 days after receipt of

the deposition transcript within which to inform all other parties that portions of the transcript are

to be designated Confidential, which period may be extended by agreement of the parties.  No

such deposition transcript shall be disclosed to any individual other than the individuals described

in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and

no individual attending such a deposition shall disclose the contents of the deposition to any

individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said

thirty 14  days.  Upon being informed that certain portions of a deposition are to be designated as

Confidential, all parties shall immediately cause each copy of the transcript in its custody or

control to be appropriately marked and limit disclosure of that transcript in accordance with the

preceding Paragraphs of this Order.

7.      If counsel for a party receiving documents or information designated as

Confidential hereunder objects to such designation of any or all of such items, the following

procedure shall apply:

> (a)      Counsel for the objecting party shall serve on the designating party or third
> party a written objection to such designation, which shall describe with
> particularity the documents or information in question and shall state the
> grounds for objection.  Counsel for the designating party or third party
> shall respond in writing to such objection within 14 days, and shall state
> with particularity the grounds for asserting that the document or
> information is Confidential.  If no timely written response is made to the
> objection, the challenged designation will be deemed to be void.  If the
> designating party or nonparty makes a timely response to such objection
> asserting the propriety of the designation, counsel shall then confer in good
> faith in an effort to resolve the dispute.
>
> (b)      If a dispute as to a Confidential designation of a document or item of
> information cannot be resolved by agreement, the proponent of the

designation being challenged shall file a formal motion **within ten days** for an order regarding the challenged designation.  The designating party shall have the burden of establishing that the designated material is entitled to its designation.  **If no motion is filed within the time allowed, the challenged material shall lose its designation as Confidential.**  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8.      **Any request to restrict access must comply with the requirements of**

**D.C.COLO.LCivR 7.2.**  ~~Any person who wishes to file Confidential material with the Court shall file said documents under seal.  The proponent of the designation shall be responsible for moving to have said documents remain under seal. 1.~~

9.      This Order does not address the use of said information at any court proceeding or trial.

10.      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential y material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

11.      No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a

non-confidential basis, shall be deemed or considered to be Confidential under this Discovery

Confidentiality Order.

12.      In the event any receiving party having possession, custody or control of any

Confidential receives a subpoena, request for production of documents, or other process to

produce such material in another legal proceeding, such receiving party shall (a) give notice of

the subpoena, request for production of documents, or other process to counsel for the disclosing

party or third party that designated the material as Confidential, (b) furnish counsel for the

disclosing party or third party with a copy of said subpoena, request for production of documents,

or other process, and (c) cooperate with respect to all reasonable and legitimate procedures sought

to be pursued by the disclosing party or third party whose interests may be affected.  The

disclosing party or third party asserting the Confidential treatment shall have the burden of

defending against such subpoena, request for production of documents, or process.  The party

receiving the subpoena, request for production of documents or other process shall be entitled to

comply with it except to the extent the disclosing party or third party asserting the Confidential

treatment is successful in obtaining an order modifying or quashing the subpoena, request for

production of documents, or other process.

13.      This Discovery Confidentiality Order shall not deprive any party of its right to

object to discovery by any other party or on any otherwise permitted ground.  This Discovery

Confidentiality Order is being entered without prejudice to the right of any party to move the

Court for modification or for relief from any of its terms.

14.      This Discovery Confidentiality Order shall survive the termination of this action

and shall remain in full force and effect unless modified by an Order of this Court or by the

written stipulation of the parties filed with the Court.

15.     Within thirty (30) days of the conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source, or to destroy, all originals, marked copies, and unmarked copies of documents and things containing and/or constituting Confidential a; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes or documents that are reasonable considered to be attorney work product, subject to the provisions of this Discovery Confidentiality Order.  .  To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

Dated March 24, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:13-cv-02346-CMA-BNB

JONATHAN ROSARIO           )
                             )
Plaintiff,                )
                             )
v.                       )       CIVIL ACTION NO: 1:13-cv-02346-CMA-BNB
                             )
GENERAL INFORMATION SERVICES, )
INC.                  )
                             )
Defendant.            )
_____)

## AGREEMENT TO BE BOUND BY
## DISCOVERY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1.      My present address is _____.

2.      My present employer is _____ and the address of my

present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understand the provisions of the Discovery

Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the

Discovery Confidentiality Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the

Discovery Confidentiality Order any Confidential or Attorneys' Eyes Only material, or any

words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only information

disclosed to me.

6.        I will limit use of Confidential and Attorneys' Eyes Only material disclosed to me solely for purpose of this action

7.        I agree to subject myself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

8.        Within thirty (30) days of the final conclusion of this case, I will return all Confidential Material and Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who disclosed the Confidential or Attorneys' Eyes Only material to me.

9.        I declare under penalty of perjury that the foregoing is true and correct.


Date: _____                    _____
                                                                Signature